UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:16-cr-27 |
| | ) | |
| ERIC M. DILLON, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Eric Dillon filed a motion to correct his sentence under Federal Rule of Civil Procedure Rule 60(B)(6). [DE 101.] For the reasons articulated below, this motion is really a second successive petition under 28 U.S.C. § 2255, so it must be dismissed since Dillon did not receive a certificate of appealability from the appellate court.

### **Background**

Back on June 26, 2020, I entered an opinion and order denying Dillon's motion under section 2255. [DE 68.] I set out the facts of this case in depth in that order, and repeat them here for the sake of completeness:

On January 19, 2016, around 3:30 in the morning, Dillon walked into a 7-Eleven convenience store up the street from the federal building in Hammond. He lurked around the store for a bit and then left without incident. [DE 53 at 19.] The next morning, at 4:17 a.m., he walked into the same store brandishing a .22-caliber handgun with a laser sight. [*Id.* at 17-21.] He wore a black wig and a black face covering. [*Id.*; PSR, DE 33, ¶ 5.] Dillon gestured with his gun toward the cashier, Mr. Unton, and said,

"cash register, right now." [PSR ¶ 5.] Unton moved towards the register with his hands up, and Dillon yelled, "open it right now." [PSR ¶ 5; DE 37 (CD submitted for in camera review containing footage of the incident).] Unton was at the register for approximately five seconds before Dillon asked if he had pushed an alert button. [DE 53 at 17-21; DE 37.] Dillon then fired his gun across the counter at Unton multiple times. [*Id.*] Dillon hit Unton twice in the chest and fled the store as Unton fell to the ground. [*Id.*] Unton ultimately died from the gunshot wounds.

Dillon was charged with three counts in the indictment: committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); using a firearm during a Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and causing a murder by discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(j) (Count Three). [DE 1.] The government filed a notice that it would not seek the death penalty. [DE 19.] Dillon pleaded guilty without the benefit of a plea agreement to Counts One and Three of the indictment. [DE 24, 26.] Count Two of the indictment was later dismissed by the government.

Section 924(c) provides punishment for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The statute sets out a graduated punishment scheme if the firearm was merely possessed (5 year mandatory minimum), brandished (7 years mandatory minimum) or discharged (10 year mandatory minimum). 18 U.S.C. §§ 924(c)(1)(A)(i),(ii),(iii). Additionally, the

2

sentence for a section 924(c) offense must run consecutive to any other sentence. 18 U.S.C. § 924(c)(1)(D)(ii). Section 924(j) continues the graduated penalty scheme. It provides that if a person who, in the course of a violation of section 924(c), causes the death of a person through the use of a firearm, shall either (1) if the killing is a murder, be punished by death or by imprisonment for any term of years or for life; and (2) if the killing is manslaughter, be punished as provided in that section. 18 U.S.C. § 924(j).

The probation department prepared a Presentence Report in anticipation of sentencing. The PSR concluded that a person convicted of violating section 924(j) must be sentenced to at least 10 years in prison, which must run consecutively to any other sentence (like the one for violating the Hobbs Act). It recommended that Dillon's sentence incorporate the consecutive sentence for discharging a firearm as provided by section 924(c)(1)(a)(iii), and did not "group" the counts. [PSR ¶ 80.] The PSR calculated the final offense levels of 240 months' imprisonment (which is the statutory maximum) for the robbery count, and 324-405 months for the section 924(j) count. [*Id.*]

At sentencing, Dillon's counsel raised two objections to the PSR. First, he cited to *United States v. Julian*, 633 F.3d 1250 (11th Cir. 2011) (the only court of appeals that has held the sentence under 924(j) *could* run concurrently to the sentence for the underlying crime of violence), arguing that I had discretion to impose a concurrent sentence on the section 924(j) count. [DE 52, Sent. Tr., at 5-12.] Second, Dillon argued that because the two counts did not have to be imposed consecutively, the two counts should group. [DE 31 at 1.] The government supported probation's position in the PSR, noting six circuits

3

disagree with *Julian*. [DE 34 at 2-3.]

At the sentencing hearing, I recognized that the Seventh Circuit has not ruled on this issue yet, but found the other circuit courts more persuasive than *Julian*. [DE 52 at 6-9.] Ultimately, I overruled Dillon's objection, and found the section 924(j) sentence had to be consecutive. After resolving this controversy in the case law, I specifically stated: "I will note that the sentence - - whatever sentence I do give, after I hear from all of you, I'm likely to not alter - - I'm going to alter the sentence to achieve the result I think is appropriate, whether it is consecutive or concurrent, and that makes that decision I just made, I think, somewhat of an academic decision." [*Id.* at 9.]

After hearing from the victim's family and Dillon, I sentenced Dillon to 240 months on Count One (the Hobbs Act robbery) with a consecutive 270-month term on Count Three (the section 924(j) violation), resulting in a total sentence of 510 months. [*Id.* at 28-35.] There were both aggravating and mitigating circumstances about this case. I commented that Dillon committed "a ruthless, vicious, completely gratuitous and unnecessary crime" because there "was no reason to have shot this man, none" and Mr. Unton seemed like a very kind, gentle, and good man. [*Id.* at 30.] I stated then, and I still believe, that the "nature and circumstances of the offense . . . just doesn't really get much worse than this." [*Id.* at 31.] On the other hand, Dillon did accept responsibility and not put the family through a trial, he was remorseful, and he suffered from severe emotional and psychological issues. [*Id.* at 32-33.] Dillon also had serious issues with drugs and alcohol. [*Id.* at 33.] On balance, I found the "aggravating factors are much

4

more egregious here than those mitigating factors that I have spoke[n] to." [*Id.* at 34.]

Right before I announced the sentence, I clarified:

> [A]s I alluded to earlier, that even if I'm incorrect in the way I have calculated the sentencing guidelines or even if I'm incorrect in the 924(j) having to be consecutive to the Hobbs Act robbery conviction, the sentence that I'm about to announce is precisely the sentence that I would have arrived at in any event because I think it is a just sentence irrespective of whether I precisely calculated the guidelines and, again, irrespective of whether 924(j) has to be consecutive or concurrent. I view that as, frankly, an academic exercise, especially under these circumstances . . . .

[*Id.* at 34.]

Dillon filed an appeal with the Seventh Circuit, raising two issues. Dillon argued: (1) I erred by finding the mandatory minimum of a 10-year consecutive sentence pursuant to section 924(c) applied to cases involving section 924(j); and (2) because the robbery offense and murder offense involved substantially the same harm, I should have grouped the offenses. [Seventh Circuit Case No. 17-2774, DE 11.] The Seventh Circuit affirmed the sentence, finding:

> We have encouraged sentencing judges to state on the record whether the resolution of disputed issues affects the punishment and have held that a statement of irrelevance means that we need not engage in what this judge called an 'academic exercise.' The judge made such a statement here, and we have no reason to doubt that questions about the relation between § 924(c) and § 924(j) are indeed irrelevant to the sentence. Because § 924(j)(1) authorizes 'any term of years,' a sentence of 510 months is lawful whether or not the two counts are grouped, whether or not the minimum sentence under § 924(j) is 120 months, and whether or not the § 924(j) sentence must run consecutively to the § 1951 sentence . . . .

*United States v. Dillon*, 720 F. App'x 310, 311 (7th Cir. 2018).

5

Dillon sought petition for a writ of certiorari on July 20, 2018, which was denied by the Supreme Court of the United States on February 19, 2019. Dillon timely filed his section 2255 motion on February 24, 2020, and I denied that motion on June 26, 2020, finding that I believed the imposed sentence was appropriate regardless of whether a section 924(j) sentence must run consecutive to an underlying sentence, and repeating my position that I would apply the same sentence even if the law of section 924(j) allowed for concurrent sentences. [DE 59, 68.] Specifically, I reasoned that "I justified my sentencing at length in this case [DE 53 at 28-5] and provided multiple reasons for why I thought this sentence was appropriate due to the factors in section 3553(a) and circumstances of the case, even aside from the discretionary guidelines." [DE 68 at 13.] I declined to issue a certificate of appealability. Dillon filed a notice of appeal, but the appeal was dismissed by the Seventh Circuit on September 28, 2020. [DE 79.]

Over the next few years, Dillon filed several other motions, all hovering around the same subject as this one. He filed a motion for me to disqualify and recuse myself [DE 81] and a motion to take judicial notice with a request for clarification [DE 83], which were both denied. [DE 82, 87.] Dillon then filed an application for leave to file a second or successive petition under section 2255. [DE 89.] I entered an order denying the motion and explaining Dillon would have to seek leave to file such a motion with the Seventh Circuit, and I actually ordered the application to be forwarded to the Seventh Circuit for evaluation. [DE 90.] The Seventh Circuit declined to grant permission for Dillon to file a second or successive section 2255. [DE 92.] Dillon then

6

filed another request to file a successive petition, which the Seventh Circuit denied on September 7, 2023. [DE 92.] Dillon subsequently filed a motion to correct judgment pursuant to Federal Rule of Criminal Procedure 36 [DE 96] which was denied [DE 97].

In front of me now is Dillon's most recent filing to correct his sentence under Federal Rule of Civil Procedure 60(b), seeking to modify based upon the Supreme Court's ruling in *Lora v. United States*, 599 U.S. 453 (2023). [DE 101.] *Lora* held that a § 924(j) does not incorporate § 924(c)'s mandatory consecutive sentence, and a § 924(j) sentence can run *either* concurrently or consecutively to another sentence. In other words, it is true that the interpretation of the law has changed after Dillon's sentencing - it is now clear that a sentence for use and carrying of a firearm during and in relation to a crime of violence causing the death of a person can run either concurrently *or* consecutively to another sentence. *Id.* However, because I explicitly ruled at the time of sentencing I would have imposed this sentence regardless of whether section 924(j) was required to be consecutive or not, this subsequent interpretation of the law in *Lora* has no bearing on Dillon's sentence. And because Dillon's motion is in actuality a second § 2255, it must be dismissed.

## Discussion

Dillon styles his motion as a motion to correct sentence under Federal Rule of Civil Procedure 60(B)(6). [DE 101.] Rule 60(b) provides that a court may relieve a party from a final judgment only in certain circumstances like mistake, newly discovered evidence, fraud, the judgment is void, if the judgment has been satisfied, or for "any

7

other reason that justifies relief." Fed. R. Civ. P. 60(b). This statute provides relief only in the most "extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely erroneous application of law." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (citations omitted).

A party invoking this rule must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018). As that Court explained:

> Rule 60(b) relief is thus different than post-conviction relief under 18 U.S.C. § 2255 which is meant to challenge a sentence upon the ground that the sentence was imposed in violation of the Constitution, or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .'. 28 U.S.C. § 2255(a). Ordinarily a defendant has but one chance at post-conviction relief under 28 U.S.C. § 2255 to set aside or correct his sentence, except in the case of newly discovered evidence or a new rule of retroactively applied constitutional law – neither of which is at issue here. *See* 28 U.S.C. § 2255(h). The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255. See 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 9900, 991 (7th Cir. 1996). "No matter how powerful a petitioner's showing, only this [appellate] court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

*Id.* Therefore, if a Rule 60(b) motion is, effectively, asking for relief that one would ask for in a motion under section 2255, such a motion would be subject to the same restrictions or requirements for successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S.

8

524, 529-30 (2005). As the Court on *Gonzalez* explained:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new rule or actual-innocent provisions.

*Id.* at 529-30 (emphasis in original).

So, when a petitioner like Dillon has already been heard in post-conviction proceedings and then attempts to reopen the proceedings by moving under Rule 60(b), my first task is to determine whether the petitioner "has in reality filed an unauthorized second or successive petition." *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015). Otherwise, "Rule 60 could be used to circumvent the statutory limitation on successive motions under § 2255." *Adams*, 911 F.3d at 404.

In the current motion, Dillon argues that section 924's consecutive sentence mandate did not apply, and the district court had discretion to impose the sentences concurrently. [DE 101 at 2-3.] This is a substantive argument (there are no allegations of a procedural error that could potentially constitute a viable Rule 60(b) motion after a failed section 2255 under *Gonzalez*, 545 U.S. at 531-32). Moreover, Dillon hasn't raised a new issue to review - instead, he has re-raised his argument on appeal that the sentence need not be consecutive, as well as the central issue of his section 2255 petition. The Seventh Circuit already addressed this issue in affirming the judgment, and found

9

because I stated I would have given Dillon the same sentence *regardless* of whether section 924(j) carried a consecutive minimum sentence or not, "[a]ny further discussion of the legal issues is inappropriate, because they do not matter to the outcome." [DE 58 at 3.] Dillon brought up this same argument in his motion under 2255 too, and I reasoned:

> As I mentioned previously in this order, the first issue was already raised by trial counsel, as well as appellate counsel, and rejected. I very clearly stated 'that 924(j) does have to run consecutive to any sentence that's handed down on - - has to be consecutive to the underlying offense, and so I'm going to overrule the objection.' [DE 52 at 8.] But more importantly, I also noted that this was an academic decision, and 'even if I'm incorrect in the 924(j) having to be consecutive to the Hobbs Act robbery conviction, the sentence that I'm about to announce is precisely the sentence that I would have arrived at in any event because I think it is a just sentence . . . .' [*Id.* at 34.]

[DE 68 at 12.]   Therefore, even though Dillon tries to cast his motion as falling under Rule 60, his arguments clearly constitute another collateral attack on his sentence. As the Seventh Circuit has reiterated, "[p]risoners cannot avoid the AEDPA's rules by inventive captioning . . . Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original).

Dillon has already filed, and lost, his first section 2255 action, and he offers no evidence that the Seventh Circuit has approved of the instant motion. Because Dillon has not received leave to file a successive section 2255 motion, this Court lacks

jurisdiction to consider this motion. *See United States v. Reyes*, No. 2:10-CR-109-10-TLS, 2021 WL 76761, at *1 (N.D. Ind. Jan. 8, 2021); *Suggs v. United States,* 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear [a successive section 2255 motion]."); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained our permission to file it.").

Finally, I note that even if I were to analyze the merits of Dillon's arguments, this motion would still fail. As covered earlier, I made very clear during his sentencing hearing that I thought his sentence was appropriate and not dependent upon any reading of section 924, but that, regardless of whether the sentences were consecutive or concurrent, I believed his sentence was appropriate under the totality of the circumstances.

## Conclusion

For the aforementioned reasons, Dillon's Motion to Correct Sentence Pursuant to Fed. R. Civ. P. 60(B)(6), properly characterized as a successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [DE 101], is hereby DENIED for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h).

SO ORDERED.

ENTERED: October 1, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT